**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

ARACELIS N.-B.,[1]

        Plaintiff,

    v.                                **DECISION AND ORDER**
                                                1:23-CV-580-A

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

      Plaintiff Aracelis N.-B. ("Plaintiff") brings this action seeking review of the Commissioner of Social Security's final decision that denied Plaintiff's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("SSA"). The Court has jurisdiction pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). The parties have filed cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. Nos. 4, 7), and Plaintiff filed a reply (Dkt. No. 8).

      The Court assumes the parties' familiarity with the administrative record, the parties' arguments, and the standard of review, to which the Court refers only as necessary to explain its decision. *See Schaal v. Apfel*, 134 F.3d 496, 500-501 (2d Cir. 1998) (summarizing the standard of review and the five-step sequential

---

[1] To protect the personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only her first name and last initial, in accordance with this Court's Standing Order issued November 18, 2020.

evaluation process that Administrative Law Judges ("ALJs") are required to use in making disability determinations); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (same); 20 C.F.R. §§ 404.1509, 404.1520.  For the following reasons, Plaintiff's motion is GRANTED to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order, and the Commissioner's motion is DENIED.

## **PROCEDURAL HISTORY**

Plaintiff filed an application for SSI on November 18, 2020, at the age of 41, alleging disability beginning November 18, 2019, due to depression, asthma, arthritis, lower back injury, and being easily overwhelmed around others.  T. 163-172, 187-194.[2]  Plaintiff's application was initially denied, and again upon reconsideration.  T. 78-89, 93-104.  On September 2, 2022, Plaintiff appeared at a telephonic hearing before the ALJ with her attorney and a Spanish interpreter, and a Vocational Expert ("VE") also testified.  T. 36-52.  The ALJ issued an unfavorable decision, dated September 26, 2022, finding Plaintiff not disabled within the meaning of the SSA.  T. 13-35.  On April 26, 2023, the Appeals Council denied Plaintiff's request for review and the ALJ's decision became final.  T. 1-6.  This action seeks review of the Commissioner's final decision.  Dkt. No. 1.

---

[2] "T. __" refers to pages of the administrative transcript at Dkt. No. 3, specifically the pagination located in the bottom, right-hand corner of the transcript.

**DISCUSSION**

"In reviewing a final decision of the SSA, [a district court] is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citations omitted); *see* 42 U.S.C. § 405(g). "'Substantial evidence' is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Talavera*, 697 F.3d at 151, quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Plaintiff argues the ALJ erred in two ways. First, Plaintiff argues remand is required because the ALJ ignored Plaintiff's nonsevere mental health impairment, *i.e.*, depression, when determining Plaintiff's residual functional capacity ("RFC").[3] Second, Plaintiff argues the ALJ did not resolve an apparent conflict between the testimony of the VE and the United States Department of Labor's publication, the *Dictionary of Occupational Titles* ("DOT"), at step five of the disability evaluation process.

**I.    Mental RFC**

At step two, the ALJ found Plaintiff's depression did not cause more than minimal limitations in her ability to perform basic mental work activities and it was therefore a nonsevere impairment. In arriving at this conclusion, the ALJ found

---

[3] The RFC is an assessment of "the most [plaintiff] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1).

3

Plaintiff had mild limitations in the four broad areas of mental functioning: (1) understanding, remembering or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing herself. T. 18-20.

"Simply because the ALJ concluded that Plaintiff's mental limitation[ ] [was a] non-severe impairment[ ] does not relieve him of the duty to consider [it] in connection with assessing the RFC. Rather, an RFC determination 'must account for limitations imposed by both severe and nonsevere impairments.'" *Felix S. v. Comm'r of Soc. Sec.*, 630 F. Supp. 3d 423, 428 (W.D.N.Y. 2022), quoting *Parker-Grose v. Astrue*, 462 F. App'x 16, 18 (2d Cir. 2012).

Despite the ALJ in this case having found that Plaintiff's depression was a nonsevere limitation and that Plaintiff had "mild" mental limitations in the four areas of mental functioning, the RFC contains no related mental limitations and the ALJ did not explain the absence of such limitations. "At a minimum, the ALJ's reasoning as to why he did not include any mental limitations in the RFC should have been stated in his decision." *Jatava L. v. Comm'r of Soc. Sec.*, 1:20-CV-00772-MJR, 2021 U.S. Dist. LEXIS 186242, *13 (W.D.N.Y. Sept. 28, 2021). Remand is therefore required. *See Susan L. v. Comm'r of Soc. Sec.*, 6:20-cv-06877-LJV, 2022 U.S. Dist. LEXIS 200727, *6 (W.D.N.Y. Nov. 3, 2022) ("[I]f an ALJ fails to explain why he did not include limitations to account for a claimant's non-severe impairments, that legal error requires remand.") (collecting cases); *Pritchard v. Comm'r of Soc. Sec.*, 18-CV-1460-FPG, 2020 U.S. Dist. LEXIS 18015, *9 (W.D.N.Y. Feb. 4, 2020) ("The

4

assigned RFC is completely devoid of any limitations accounting for Plaintiff's mental impairments, which in itself requires remand.") (collecting cases).

In his step two conclusion, the ALJ acknowledged that although he was providing an explanation for his step-two finding that Plaintiff's mental limitations were nonsevere, a more detailed analysis was required at the later steps.  See T. 21.  The ALJ did not perform that analysis, however.  See Susan L., 2022 U.S. Dist. LEXIS 200727, at *7 (noting the same "boilerplate language" in the conclusion of step two, and remanding the case because "the ALJ paid lip service to the rules in his decision" as the ALJ "addressed mental issues only in passing" in the subsequent steps of his disability analysis); Zochios v. Berryhill, 17-CV-6207-FPG, 2018 U.S. Dist. LEXIS 65449, *9 (Apr. 18, 2018) (noting the same "boilerplate language" in the conclusion of step two, and contrary to that language, "the ALJ's analysis does not mention [plaintiff]'s [nonsevere] anxiety or bipolar disorders and the RFC determination lacks any related mental limitations").

It is possible the ALJ "meant to include some mental limitations in the RFC" (he did state the RFC "reflects the degree of limitation [he] found in the 'paragraph B' mental function analysis"); conversely, perhaps the ALJ "believed that the mild, non-severe limitation[ ] required no accommodations."  Zochios, 2018 U.S. Dist. LEXIS 65449, at *10.  Regardless of what the ALJ meant to do, however, the analysis at step four does not even mention the nonsevere mental health limitations he found at step two.  As such, the Court cannot meaningfully evaluate the ALJ's findings.

The Commissioner argues, "[c]ontrary to Plaintiff's suggestion, an ALJ may reasonably find that a mild limitation in one, or all, of the four special technique

categories does not translate into any specific work-related limitation in the RFC." Dkt. No. 7-1, p. 6.  The Commissioner misconstrues Plaintiff's position.  Plaintiff is not arguing that mild limitations resulting from a nonsevere impairment necessarily require the addition of mental limitations to the RFC.  Rather, Plaintiff is asserting that the ALJ committed legal error by failing to explain why he did not assess mental limitations in the RFC.

Accordingly, remand is required.  On remand, the ALJ must address Plaintiff's mental limitations at step four and either include those limitations in the RFC or explain why he does not assess any mental limitations in the RFC.

II.     **Step Five**[4]

Plaintiff argues that the ALJ committed reversible error at step five when he failed to identify and resolve an apparent conflict between the DOT descriptions of the jobs identified by the VE,[5] and the RFC posed to the VE by the ALJ (ultimately the RFC used in the ALJ's decision denying Plaintiff benefits), which restricted the hypothetical claimant to only occasional, bilateral overhead reaching.

At step five, "the burden shift[s] to the Commissioner to show there is … work that [the plaintiff] can perform."  *Brault v. SSA*, 683 F.3d 443, 445 (2d Cir. 2012) (per

---

[4] The Court understands that because it is remanding for further proceedings on Plaintiff's first argued point of error, the subsequent steps of the disability analysis may or may not be altered.  The Court also addresses Plaintiff's second point, however, in the event the ALJ, upon remand, does not include any mental limitations in his RFC and the analysis at steps four and five remains the same.

[5] "The Social Security Administration has taken administrative notice of the DOT, which is published by the U.S. Department of Labor and provides detailed descriptions of the requirements for a variety of jobs.  *See* 20 CFR § 416.966 (d)(1)."  *Dinorah R.P. v. Comm'r of Soc. Sec.*, 2024 U.S. Dist. LEXIS 123824, *11-12 (S.D.N.Y. July 13, 2024).

6

curiam).  Social Security Ruling ("SSR") 00-4p, 2000 SR LEXIS 8 (S.S.A. Dec. 4, 2000), which is "binding on all components of the Social Security Administration" (*Richards v. Berryhill*, No. 16-CV-804, 2018 U.S. Dist. LEXIS 217513, *17 n.7 (W.D.N.Y. Dec. 28, 2018)), "requires the Commissioner to 'obtain a reasonable explanation' for any '*apparent*'—even if non-obvious—conflict between the [DOT] and a [VE]'s testimony."  *Lockwood v. Comm'r of SSA*, 914 F.3d 87, 92 (2d Cir. 2019) (emphasis in original), quoting SSR 00-4p, 2000 SR LEXIS 8, at *9; *see Jennifer S. v. Comm'r of Soc. Sec.*, 1:23-CV-0009 EAW, 2024 U.S. Dist. LEXIS 19830, *9 (W.D.N.Y. Feb. 5, 2024) ("A conflict between the VE's testimony and the RFC necessarily arises if the VE proposes a job whose duties, obligations or requirements, as described by another reliable source of job information, exceeds Plaintiff's RFC limitations.") (internal quotation marks and citation omitted).

In other words, SSR 00-4p "place[s] an affirmative duty on the ALJ to identify and resolve any conflict between the [VE]'s testimony and the DOT before relying on such testimony."  *Marjanovic v. Comm'r of Soc. Sec.*, No. 19-CV-246-FPG, 2020 U.S. Dist. LEXIS 110811, *8 (W.D.N.Y. June 23, 2020) (internal quotation marks and citation omitted).  Indeed, "[i]t is well settled that an ALJ's failure to reconcile [VE] testimony with apparent conflicts [with the DOT] cannot represent substantial evidence."  *Andrew M. v. Comm'r of Soc. Sec.*, 23-CV-6149DGL, 2024 U.S. Dist. LEXIS 3835, *8-9 (W.D.N.Y. Jan. 8, 2024) (internal quotation marks and citation omitted).

At the instant hearing (T. 49-50), the ALJ asked the VE to consider a hypothetical individual of Plaintiff's age and education, without any past relevant

7

work, who could perform work at the light exertional level with limitations mirroring those included in the RFC, among them occasional overhead reaching. Occasional means "that the activity or condition occurs at least once up to one-third of an 8-hour workday." Program Operations Manual System (POMS) DI 25001.001A, 53. The VE testified that such an individual could perform the light unskilled jobs of package sorter (DOT code 222.687-022), mailroom clerk (DOT code 209.687-026), and plastic hospital products assembler (DOT code 712.687-010).

As acknowledged by both parties, "frequent" reaching is required for each of the three jobs identified by the VE, a requirement that is set forth in the DOT's "companion publication," the *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* ("SCO"), which details the physical demands of each listed job.[6] Frequent "means that the activity or condition occurs one-third to two-thirds of an 8-hour workday" (POMS DI 25001.001A, 33), and "reaching" is defined as "extending the hands and arms in any direction" (SSR 85-15, 1985 SSR LEXIS 20, *19 (S.S.A. Jan. 1, 1985); *Lockwood*, 914 F.3d at 92 ("In both the 1985 Policy Statement and common usage, 'reaching' includes overhead reaching.")).

The Second Circuit held in *Lockwood*: "[t]estimony that a claimant with overhead reaching limitations is capable of performing a job that the [DOT] describes as requiring 'reaching'… creates at least an *apparent* conflict that triggers the Commissioner's duty to elicit an explanation that would justify crediting the

---

[6] *See* SCO, Part A. The SCO categorizes "reaching" ("Re") as either Not Present (N), Occasional (O), Frequent, (F), or Constant (C). *See* SCO, App. C, at C-3.

testimony." *Lockwood*, 914 F.3d at 92 (emphasis in original).  The Circuit further explained, "[i]t may well be that the apparent conflict between [the VE]'s testimony and the [DOT] is susceptible to easy resolution—if, for example, the reaching involved in the three jobs at issue consists exclusively of lateral or downward reaching.  But it is not our role to speculate as to how or whether that conflict might have been resolved had the Commissioner carried out [his] responsibility to probe such matters." *Id.* at 94.

Here, the following exchange occurred between the ALJ and the VE regarding the representative jobs the VE identified, and the reaching restriction in the hypothetical posed:

> ALJ: [VE], with regard to your testimony, my understanding is the [DOT] does not distinguish between overhead reaching and reaching in other directions, is that correct?
>
> VE:  Correct, Your Honor.
>
> ALJ:  With regard to that aspect of your testimony, what is your testimony based on?
>
> VE:  38 years of placement, as well as job analyses, sir.
>
> ALJ:  Other than what we just discussed, is your testimony consistent with the information in the [DOT]?
>
> VE:  Yes, other than off task and absenteeism as well, sir, it is.

T. 51.

In his decision, after the ALJ found that Plaintiff had an RFC to perform a reduced range of light work with limitations to include "occasionally reach overhead bilaterally," (T. 22), the ALJ concluded at step four that Plaintiff had no past relevant

9

work and thus proceeded to step five.  In determining that jobs exist in significant numbers in the national economy that Plaintiff can perform, the ALJ noted in his decision, "the [VE] testified that limitations for overhead reaching and reaching in all directions are based upon her review of the file, observation, and professional experience as these types of limitations are not addressed by the DOT."  T. 30-31.  Thus, the ALJ relied on the testimony of the VE in arriving at his step five finding that Plaintiff could do the jobs named by the VE even with the occasional overhead reaching limitation, and the ALJ's subsequent conclusion that Plaintiff is not disabled.

The parties' primary argument before this Court, distilled, is whether the ALJ elicited a "reasonable explanation" (SSR 00-4p, 2000 SR LEXIS 8, at *9) from the VE to resolve the apparent conflict.  Plaintiff asserts that more was required, while the Commissioner reasons "nothing in SSR 00-4p dictates that a [VE] needs to provide an assessment of how Plaintiff could do the identified jobs."

The Commissioner cites decisions from this District where the Court found the colloquies between the ALJ and the VE regarding a restriction on occasional overhead reaching reflected "precisely the type of analysis that the Second Circuit in *Lockwood* indicated should have been done by the [VE]."  *Alisa O. v. Comm'r of Soc. Sec.*, 20-cv-00564-FPG, 2021 U.S. Dist. LEXIS 163257, *14 (W.D.N.Y. Aug. 30, 2021), citing *Lockwood*, 914 F.3d at 92-93.  Each exchange is akin to that between the ALJ and the VE in this case.  *See*, *e.g.*, *Josie T. v. Comm'r of Soc. Sec.*, 21-CV-6368S, 2023 U.S. Dist. LEXIS 33290, *7-8 (W.D.N.Y. Feb. 28, 2023) ("The [VE] observed that the …[DOT] does not make a distinction between the ability to reach

10

overhead or to reach in other directions but the [VE] found that a hypothetical claimant could perform [the representative job] based upon the [VE]'s professional knowledge, experience, education, and job analysis[.]"); *Alisa O.*, 2021 U.S. Dist. LEXIS 163257, at *14; ("Here, the [VE] specifically noted that she did take into consideration Plaintiff's overhead reach limitation and indicated that the DOT does not distinguish between reaching overhead, in front, to the sides, and in all other directions…She further[ ] indicated that her opinion that Plaintiff could perform occupations requiring such reaching abilities was based on her knowledge of how those specific jobs were performed."); *but see Katherine J. v. Comm'r of Soc. Sec.*, 20-CV-845S, 2022 U.S. Dist. LEXIS 32055, *12-13 (W.D.N.Y. Feb. 23, 2022) (after a similar exchange between the ALJ and the VE, the VE additionally explained at length and more comprehensively the apparent conflict, upon further questioning by the claimant's attorney), citing *Alisa O.*, 2021 U.S. Dist. LEXIS 163257, at *5.[7]

While the record before this Court is not the paragon of clarity, the ALJ did probe into the possible conflict with the VE, as required by *Lockwood*. The ALJ noted that the DOT does not differentiate between overhead reaching and reaching in other directions, and the VE confirmed the DOT does not make that distinction. In addition, although the ALJ did not specifically mention that the jobs identified by the VE require frequent reaching according to the DOT's definition of them, the ALJ did acknowledge the DOT appeared inconsistent with the RFC. Despite this apparent conflict, the VE adhered to her opinion that the hypothetical claimant with a

---

[7] *See* 21-CV-6368S-WMS (*Josie T.*), T. 72-73; 20-CV-564-FPG (*Alisa O.*), T. 76; 20-CV-845-WMS (*Katherine J.*), T. 60, 62, 64-67.

11

restriction of occasional overhead reaching could perform these jobs, and this was based on her decades of professional experience and job analyses.

The Court concludes the ALJ made an appropriate inquiry of the VE and obtained a reasonable explanation for the apparent reaching conflict. *See Reilly v. Comm'r of Soc. Sec.*, No. 21-8-cv, 2022 U.S. App. LEXIS 6916, *5 (2d Cir. Mar. 17, 2022) ("The ALJ specifically asked about both potential conflicts and the [VE] provided explanations that included an analysis based on his own expertise and labor market surveys he conducted."); compare *Rachel F. v. Comm'r of Soc. Sec.*, 1:21-CV-00324 CJS, 2023 U.S. Dist. LEXIS 48723, *21-22 (W.D.N.Y. Mar. 22, 2023) (remanding where the VE's answer to the ALJ's question whether her testimony was consistent with the DOT, *i.e.*, "the DOT does not – it does not define reaching in terms of overhead," was ambiguous and required clarification on remand, reasoning, "[p]resumably, the VE meant to indicate that the DOT's definition of reaching does not differentiate between different types of reaching, but she did not clearly express that thought, and the Court cannot say whether that is what the ALJ understood her to mean"); *Matthew M. v. Comm'r of Soc. Sec.*, 1:20-cv-1644-DB, 2022 U.S. Dist. LEXIS 144526, *11 (W.D.N.Y. Aug. 12, 2022) ("The VE testimony is far from clear as to how the limitations on overhead reaching were not a conflict with the degree of reaching required by the jobs other than to rely on his professional experience…, which… is insufficient…The VE offered no indication that he relied on job observation, research or specific knowledge of the job…[or] whether the jobs could actually be done with the reaching limitations."); *Nieto v. Comm'r of Soc. Sec.*, 20-cv-3138 (BMC), 2021 U.S. Dist. LEXIS 85758, *8-9 (E.D.N.Y. May 5, 2021) (holding

that "vague questions and answers" regarding possible inconsistencies between the VE's testimony and the DOT, and the basis for the VE's testimony, are "not enough under *Lockwood*").

Because the ALJ meaningfully questioned the VE to resolve the apparent conflict between the RFC and the DOT job descriptions, the ALJ's step-five determination was supported by substantial evidence. Accordingly, remand is not required on this basis.

## CONCLUSION

For all the above reasons, Plaintiff's motion for judgment on the pleadings (Dkt. No. 4) is GRANTED to the extent that the matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order, solely for the ALJ to address Plaintiff's mental limitations at step four and either include those limitations in the RFC or explain why he does not assess any mental limitations in the RFC; and the Commissioner's cross-motion (Dkt. No. 7) is DENIED. The Clerk of the Court shall take all steps necessary to close the case.

**IT IS SO ORDERED.**

       *s/Richard J. Arcara*
       HONORABLE RICHARD J. ARCARA
       UNITED STATES DISTRICT COURT

Dated:   October 31, 2024
       Buffalo, New York